FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JUN 16 AM 8: 12
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ALBERT WILLIAMS,

    Petitioner,

v.

ANTHONY HAYNES, Warden, and
FEDERAL BUREAU OF PRISONS,

    Respondents.

CIVIL ACTION NO.: CV210-180

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Albert Williams ("Williams"), an inmate currently incarcerated at the Federal Correctional Complex in Adelanto, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Williams filed a Traverse. For the reasons which follow, Williams' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

On December 18, 1997, a federal grand jury sitting in the Southern District of Florida returned an indictment charging Williams with possession of a firearm in and affecting commerce, having previously been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1). Before trial, the United States filed a notice of intent to rely on several of Mr. Williams' previous convictions to enhance his potential sentence pursuant

AO 72A
(Rev. 8/82)

to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Following a jury trial, Williams was convicted on the sole count of the indictment.

The presentence investigation report ("PSI") prepared by the Probation Office concluded that Williams qualified as an "armed career criminal" based on his prior convictions for burglary and robbery, and that Williams was therefore subject to the enhanced sentencing provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. The application of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 exposed Williams to a fifteen-year mandatory minimum sentence, and a statutory maximum sentence of life imprisonment. The PSI determined that, pursuant to U.S.S.G. § 4B1.4, Williams was to be assigned a total offense level of 33 and criminal history category of VI, yielding a Guidelines imprisonment range of 235 to 293 months.

Although Williams filed objections to certain calculations contained in the PSI, he did not object to his classification as an armed career criminal. Williams also raised no objection to the PSI's recitation of the facts surrounding his previous convictions. On June 22, 1998, the district court adopted the findings of the PSI over Williams' objections and sentenced Williams to 293 months' imprisonment. Williams appealed his conviction, arguing that the district court erred in several of its evidentiary rulings. Williams did not advance any argument on appeal concerning his sentence or that he was erroneously classified as an armed career criminal. The Eleventh Circuit Court of Appeals affirmed Williams' conviction in an unpublished opinion. United States v. Williams, 182 F.3d 936 (11th Cir. 1999) (table op.).

On July 7, 2000, Williams, through counsel, filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. The motion alleged that

Williams was denied effective assistance of counsel because his trial counsel: 1) relied upon a legally untenable theory of defense before the jury and before the district court in arguing a motion to dismiss the indictment; 2) stipulated that Williams had previously been convicted of a felony and had possessed a gun; 3) failed to fully investigate and present a justification defense; 4) failed to lodge objections to the Government's evidence and to the prosecutor's opening and closing arguments; 5) failed to recommend that Williams plead guilty; and 6) failed to object to the use of Williams' prior burglary convictions as two of the three predicate offenses for the enhancement of his sentence. Williams also argued that the scope of the Florida burglary statute under which he had been convicted encompassed conduct beyond the "generic burglary" the Supreme Court had held required for ACCA's sentence enhancement in Taylor v. United States, 495 U.S. 575 (1990).

The district court held a hearing on the § 2255 motion on February 8, 2002. On September 16, 2003, the district court denied Williams' § 2255 motion. Williams filed a notice of appeal, which the district court construed as an application for certificate of appealability pursuant to 28 U.S.C. § 2253 and denied. Williams then filed a motion for reconsideration of that order, which the district court also denied. Williams filed a motion for certificate of appealability in the Eleventh Circuit, but this was denied. Williams' motion for reconsideration of that order was denied on March 23, 2004, after which Williams, now acting *pro se*, filed a petition for certiorari in the United States Supreme Court. The Supreme Court denied both Williams' petition for certiorari, Williams v. United States, 543 U.S. 864 (2004), and Williams' subsequent petition for rehearing. Williams v. United States, 543 U.S. 1083 (2005).

Williams then filed a motion "to amend the ruling" on his § 2255 motion pursuant to FED. R. CIV. P. 60(b) and Shepard v. United States, 544 U.S. 13 (2005). The district court denied the Rule 60(b) motion. Williams filed both a motion for reconsideration of that order, and a notice of appeal. The district court denied the motion for reconsideration and, again construing Williams' notice of appeal as an application for certificate of appealability, denied that as well. Williams then filed an application for certificate of appealability in the Eleventh Circuit Court of Appeals. This was denied, as was Williams' subsequent motion for reconsideration. Once again, Williams filed a petition for certiorari in the Supreme Court. The Supreme Court again denied certiorari and rehearing. Williams v. United States, 547 U.S. 1141 (2006) (certiorari); Williams v. United States, 548 U.S. 932 (2006) (rehearing).

Williams next filed a second Rule 60(b) motion in the trial court, again arguing that his classification as an armed career criminal violated Taylor and Shepard. The district court denied the motion. Williams filed both a notice of appeal and an application for certificate of appealability. The district court denied the application for certificate of appealability, and the Eleventh Circuit Court of Appeals denied the notice of appeal after it was construed as yet another application for certificate of appealability. Williams filed another motion for reconsideration of the Court of Appeals' decision, together with a motion to proceed *in forma pauperis*. The Eleventh Circuit denied both motions. While this litigation was pending in the Eleventh Circuit, Williams filed in the trial court a "motion to amend presentence report," in which Williams argued that he should not have received a two-level enhancement under the Sentencing Guidelines for brandishing a gun. The district court denied this motion.

Williams next filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina. In that petition, Williams continued to pursue his Taylor and Shepard claims. The petition was dismissed upon the government's motion by order dated February 19, 2008. Williams appealed to the Fourth Circuit Court of Appeals, which affirmed in an unpublished opinion.

Next, Williams filed a "motion pursuant to 28 U.S.C. § 2255(f)(3)" in his § 2255 case in the Southern District of Florida, arguing that under Begay v. United States, 553 U.S. 137 (2008), only two of his prior convictions are properly counted toward "armed career criminal" status, and that he is therefore entitled to resentencing without the ACCA enhancement. This motion was denied by the trial court and Williams did not appeal that decision.

Finally, Williams filed the instant action—a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In it, Williams asserts that he does not qualify as an armed career criminal under Begay, and should be resentenced without the applicable sentencing guidelines enhancement.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or

ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999).

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the requirements of § 2255(e)—the "savings clause." The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

"[T]he savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)." Gilbert v. United States, No. 09-12513, ___ F.3d ___, 2011 WL 1885674, at *17 (11th Cir. 2011). "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Id. at *25.

"[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 16. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 18.

Williams "is attacking his sentence rather than his conviction, for the armed career criminal act is a sentence-enhancement statute" Id. at *19 (quoting In re

Davenport, 147 F.3d 605, 609 (7th Cir. 1998)). The savings clause does not apply to Williams' claim, as the sentence imposed (293 months) was within the statutory maximum (life), and Williams was not convicted of being guilty of the sentence enhancement.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE